UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PRECISION DRONE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:15-cv-476 |
| ) | |
| CHANNEL MASTERS, LLC, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION

The defendant, Channel Masters, LLC ("Channel"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1441, respectfully files its Notice of Removal ("Notice") and in support hereof states:

1. On February 11, 2015, the plaintiff, Precision Drone, LLC ("Precision"), filed suit against Channel in the Hamilton County Superior Court under Cause No. 29D02-1502-PL-1139 (the "Action").

2. Copies of the Summons, Complaint for Damages ("Complaint"), Motion for Preliminary Injunction ("Motion") and Appearance Form were served on Channel on February 23, 2015. Pursuant to 28 U.S.C. § 1446(b), this Notice must be filed within 30 days of service, or on or before March 25, 2015. Thus, the Notice is timely filed.

3. Copies of all process, pleadings, and orders served upon Channel are attached hereto as Exhibit 1. The remainder of filings in the state court are attached hereto as Exhibit 2.

4. This Court has jurisdiction over the Action based both on federal question jurisdiction and diversity of citizenship.

### A. Federal Question Jurisdiction

5. This Court has federal question jurisdiction because it has original and exclusive jurisdiction over claims by Precision that call upon the courts to enforce rights arising under the Copyright Act. *See* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . . No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights."); *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 n.4 (7th Cir. 1996) ("Federal courts have original and exclusive jurisdiction over copyright actions.").

6. Precision claims, among other things, that it maintains a "copyrighted website to promote and advertise its products and software." Compl. at ¶ 5; Mot. at ¶ 6. It further alleges that "[w]hile at the Nebraska Farm Show, Tom Owen was observed using at least one of Precision's images and training manual to demonstrate, market and resell AgriImage drones." Compl. at ¶ 19; Mot. at ¶ 20. Precision requests that a preliminary injunction be entered restraining Channel from "using . . . Precision's . . . imagery . . . advertising and marketing materials . . . [and that] [u]nless restrained by this Court, Channel will continue to perform the acts sought to be enjoined." Mot. at ¶¶ 40, 41.

7. These claims sound in copyright. Section 102 of the Copyright Act provides that "copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression . . . from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include . . . (1) literary works . . . (5) pictorial, graphic . . . works . . . ." 17 U.S.C. §§ 102(a)(1), (5). Further, Section 106 of the Copyright Act provides that "the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted

work in copies . . . (5) in the case of . . . pictorial, graphic . . . works . . . to display the copyrighted work publicly . . . ." *Id.* § 106(1)-(5).

8. Precision's claims based on Tom Owen reproducing and displaying at least one of its images and its training manuals at the Nebraska Farm Show come within the general scope of copyright and its exclusive jurisdiction of this Court. *See* 17 U.S.C. § 301. Precision contends that Owen used its manual and images (§ 102(a)(1), (5)) by reproducing them (§106(1)) and displaying them publicly (§ 106(5)).

9. With respect to Precision's allegations concerning its copyrighted website with promotional and advertising materials and seeking relief, including a preliminary injunction, against Channel using them, websites in particular come within the subject matter of copyright. *See* Compendium of U.S. Copyright Office Practices, "Websites and Website Content," Chapter 1000 & f (3rd Ed. Dec. 22, 2014) www.copyright.gov/comp3/chap1000/ch1000-websites.pdf. Any legal issues related to Channel's reproduction or display of Precision's web-based promotion or advertising materials must be resolved through copyright law. The federal courts have exclusive jurisdiction over these claims. *See* 28 U.S.C. § 1338(a).

10. Removal of state-law claims on copyright grounds is mandatory—even when the plaintiff does not explicitly allege a copyright claim—when the work giving rise to the claim falls within the subject matter of copyright as identified in Section 102 of the Copyright Act and when the rights protected by state law are equivalent to exclusive rights granted by Section 106. All state law claims related to the copyrighted materials are preempted by the Copyright Act. *See* 17 U.S.C. § 301 (no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State"). Precision seeks an injunction preventing Channel from publicly displaying—"disclosing"—its "imagery . . . advertising and marketing

materials, training manuals . . ." as allegedly done publicly at the Nebraska Farm Show.  Mot. at ¶ 39, Ex. A & B. It seeks damages from Precision for the same acts. Compl. at ¶¶ 19, 26-27. Precision's claims are asserted under the Indiana common law of contracts and its trade secret misappropriation statutes, but if "under state law the act of reproduction…or display…will *in itself* infringe the state-created right, then such right is pre-empted." 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 1.01[B][1] (2014) *citing Ho v. Taflove,* 648 F.3d 489, 501 (7th Cir. 2011).

11. Section 502(a) of the Copyright Act provides that "[a]ny court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunction . . . to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The only courts "having jurisdiction of a civil action arising under this title" are the federal ones. Consequently, whether Precision is entitled to injunctive relief for Channel's alleged use of any of Precision's "copyrightable subject matter" is a question that must be resolved through an analysis of the Copyright Act in federal court.  *See* 28 U.S.C. § 1338(a).

12. Although Precision did not expressly allege a federal claim, the scope of the Copyright Act preempts state law and converts Precision's claims relating to the material within the scope of copyright into federal claims that cannot be avoided by artful pleading. *See, e.g., Dent v. Renaissance Marketing Corp.*, No. 14C02999, 2014 WL 5465006 *3-5 (N.D. Ill. Oct. 28, 2014); *gh, LLC v. Curtin,* 422 F. Supp. 2d 994 (N.D. Ind. 2006) Thus, removal to this Court is appropriate pursuant to 28 U.S.C. § 1441.

### B. Diversity Jurisdiction

13. Diversity jurisdiction also exists pursuant to 28 U.S.C. § 1332. Thus, the Action may be independently removed pursuant to 28 U.S.C. § 1441 on that basis. The Complaint

4

alleges that Precision is an Indiana limited liability company and operates its business in Hamilton County, Indiana. Compl. at ¶ 1. Precision is owned by Aaron Sheller and Matt Minnes, both of whom are citizens of the State of Indiana. Channel, on the other hand, is a Wisconsin limited liability company whose sole owner is Tom Owen, a citizen of the State of Wisconsin. Because the owners of Precision and Channel are citizens of different states, complete diversity of citizenship exists between the parties.

14. The amount in controversy element is also satisfied, at least as a matter of pleading. Precision alleges breach of contract and misappropriation of trade secrets against Channel arising out of its breach of service and non-competition agreements with Precision for the purchase and resale of PaceSetter™ Drones and related parts. Specifically, Precision alleges that Channel is reselling a competitor's drones to Precision's present and prospective dealers. Compl. at ¶¶ 8, 30.

15. The Complaint does not set forth a specific claim for damages. However, in addition to injunctive relief, Precision seeks to recover damages for breach of contract and misappropriation of trade secrets "in an amount to be proven at trial." *Id.* at ¶¶ 31, 40. Precision also asserts that the trade secret misappropriation was willful and malicious, *id.* at ¶ 39, which if proven authorizes a court to award "exemplary damages in an amount not exceeding twice any award made under" the trade secret statute. *See* Ind. Code § 24-2-3-4(c). Precision is also seeking attorneys fees for both claims, *see* Compl. at ¶¶ 32, 39, which are considered a part of the amount in controversy when they are available pursuant to a contract or state statute, *see* Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction § 3712.

16. "Whether these damages will exceed $75,000 is not a fact but a prediction, and with respect to that subject the court must decide whether to a legal certainty . . . the claim is

really for less than the jurisdictional amount." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (internal quotations omitted). Given the nature of the claims asserted, the availability of exemplary trade secret damages, and the contractual and statutory fee shifting provisions, one cannot determine to a legal certainty that the claim is really for less than the jurisdictional amount. Accordingly, the amount in controversy requirement has been satisfied.

17. The Southern District of Indiana is the judicial district embracing the place where the state court case was brought and is pending (*see* 28 U.S.C. § 94(b)), and is thus the proper district court to which this case should be removed. *See* 28 U.S.C. § 1446(a).

18. Written notice of the filing of this notice of removal of civil action will be given to Precision as required by law.

19. A true and accurate copy of this notice of removal of civil action will be filed with the Clerk of the Superior Court of Hamilton County, Indiana, as required by law.

WHEREFORE, the defendant, Channel Masters, LLC, prays that this action be removed to this Court and proceed under the Federal Rules of Civil Procedure and the laws of the United States and for all other proper relief.

Respectfully submitted,

s/*Andrew M. McNeil*
Andrew M. McNeil (#19140-49)
Craig E. Pinkus (#5749-49)
Philip R. Zimmerly (#30217-06)

BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN  46204
(317) 684-5000; (317) 684-5173 (Fax)
amcneil@boselaw.com
cpinkus@boselaw.com
pzimmerly@boselaw.com

*Attorneys for Defendant, Channel Masters, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2015, a copy of the foregoing "Notice of Removal of Civil Action" was filed electronically. A copy has been served upon the following counsel of record by first-class, United States mail, postage prepaid:

> John S. Terry, Esq.
> Russell B. Cate, Esq.
> Campbell Kyle Proffitt LLP
> P. O. Box 2020
> Noblesville, IN  46060
> jterry@ckplaw.com
> rcate@ckplaw.com
>
> William E. Wendling, Jr., Esq.
> Campbell Kyle Proffitt LLP
> 11595 North Meridian Street, Suite 701
> Carmel, IN  46032
> wwendling@ckplaw.com

                                              s/*Andrew M. McNeil*
                                              Andrew M. McNeil

2737534