UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PRECISION DRONE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-00476-LJM-TAB |
| ) | |
| CHANNEL MASTERS, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff Precision Drone, LLC, has moved to remand this matter back to state court arguing that this Court lacks subject matter jurisdiction. Dkt. No. 10. Defendant Channel Masters, LLC, contends that this case was properly removed because the Complaint includes claims governed by the Copyright Act and even if the Complaint cannot be read to include such claims, its non-contractual trade secret claims give rise to diversity jurisdiction. Dkt. No. 13. For the reasons stated herein, the Court **DENIES** Precision Drone's Motion to Remand.

**I. RELEVANT ALLEGATIONS IN THE COMPLAINT**

According to the Complaint, Precision Drone has a Volume Purchase, License and Service Agreement ("Service Agreement") with Channel Masters as well as a Non-Compete/Non-Disclosure Agreement ("NDA") that form the basis of this action. Compl. ¶ 3. The Service Agreement states, in part: "This Agreement shall be construed and enforced in accordance with the laws of Indiana, and venue shall lie in the Superior Courts of Hamilton County, Indiana." Dkt. No. 1-1, at 25, Agreement ¶ 16.E. Similarly, the NDA states, in part: "This letter agreement shall be governed and construed in accordance

1

with the laws of the State of Indiana without regard to conflict of laws principles, and venue shall lie in Hamilton County, Indiana." Dkt. No. 1-1, at 30, NDA ¶ IV.16.

The Complaint claims that Channel Masters breached the Service Agreement and the NDA by disclosing Precision Drone's pricing; imagery; training manual; and sales and marketing pitches to competitor and used those materials to sell the competitor's product at a trade show. Compl. ¶¶ 22-32. Further, the Complaint asserts that Channel Masters misappropriated Precision Drone's trade secrets and that Precision Drone suffered damages as a result. Compl. ¶¶33-40.

The Complaint further alleges that Precision Drone "maintains a copyrighted website to promote and advertise its products and software." Compl. ¶ 5. The Complaint also alleges that Channel Masters listened to Precision Drone's "marketing and advertising statements and sales pitches." Compl. ¶ 12.

In addition, Precision Drone has moved for a preliminary injunction. Dkt. No. 1-1, at 34. Therein, Precision Drone seeks, among other things, to prevent Channel Masters from disclosing or using "advertising and marketing materials," *id.* at 39-40, which Precision Drone identifies as its "copyrighted website" that is used "to promote and advertise its products and software." *Id.* at 34-35.

## II. **STANDARD**

A party may remove to federal court a civil suit filed in state court so long as the district court has original jurisdiction. *See* 28 U.S.C. § 1441(a); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) (citing 28 U.S.C. ' 1441); *FDIC v. JP Morgan Acceptance Corp. I*, 958 F. sup. 2d 1002, 1004 (S.D. Ind. 2013). This Court has original jurisdiction over actions filed Aunder the Constitution . . . of the United States . . . .@ 28

U.S.C. § 1441(b).  However, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum."  *Doe*, 985 F.2d at 911 (citing *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 576 (7th Cir. 1982)).  A defendant that seeks to remove an action bears the burden of proving subject matter jurisdiction.  *Boyd v. Phoenix Funding Corp.*, 366 f.3d 524, 529 (7th Cir. 1993); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).  "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'"  *Chase*, 110 F.3d at 427 (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993)).

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Additionally, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  *Id.*

### III. <u>ANALYSIS</u>

Precision Drone contends that remand is appropriate because its claims are exclusively governed by the laws of the State of Indiana and it does not seek protection under any laws of the United States, including the Copyright Act.  Dkt. No. 10, at 1-2.  Precision Drone asserts that it is Channel Master's use of Precision Drone's proprietary marketing materials that Precision Drone seeks to stop and breach of contractual obligations, both of which is behavior outside the exclusive and original jurisdiction of the Copyright Act.  *Id.* at 2-3 (citing, *inter alia*, *Nat'l Car Rental Sys., Inc. v. Computer*

*Assocs.Int'l, Inc.*, 991 F.2d 426, 429 (8th Cir. 1993); *Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc.*, 223 F. Supp. 2d 953, 957-58 (N.D. Ill. 2002)).  With respect to diversity jurisdiction, Precision Drone relies upon the forum selection clauses in the two agreements and argues that its claims must be resolved in the superior courts in Hamilton County as provided for in those agreements.  *Id.* at 6-8 (citing *Progressive Publ. Inc. v. Capital Color Mails, Inc.*, 500 F. Supp. 2d 1004, 1005 (N.D. Ill. 2007); *Fieldturf USA, Inc. v. Quest Turf, LLC*, No. 1:07-cv-1485-RLY-JMS, 2008 WL 906428, at *1 (S.D. Ind. Apr. 1, 2008)).

Channel Masters asserts that removal was proper both because Precision Drone's claims for improper display of copyrighted images at a trade show are not covered by either the Service Agreement or the NDA.  Dkt. No. 13, at 2-7.  The materials are covered under the Copyright Act, and the allegedly wrongful activity was a display of those materials at a tradeshow to benefit a Precision Drone competitor.  There is nothing about this activity, Channel Masters claims, that is covered under either agreement because those materials are not trade secrets, *id.* at 2-4; and use of advertising material is not restricted by the Service Agreement or the NDA.  *Id.* at 4-7.  In addition, Channel Masters asserts that diversity jurisdiction is also proper because the agreements do not extend to Precision Drone's trade secret claim, which is outside the scope of the agreements.  *Id.* at 7-8 (citing *Jallali v. Nat'l Bd. of Osteopathic Med. Examiners, Inc.*, 908 N.E.2d 1168, 1174 (Ind. Ct. App. 2009), *trans. denied*).

Although Precision Drone claims that its complaint is grounded in the Service Agreement and the NDA, there are no provisions within either agreement that restrict Channel Masters' use of publicly available materials such as the marketing and sales

4

devices Channel Masters allegedly used at the trade show. Those agreements specifically limit Channel Masters' use of trade secret materials, but the gravamen of Precision Drone's complaint is directed to Channel Masters' use of the imagery and advertising from Precision Drone's copyrighted website. In such a case, the breach of contract claims are preempted by the Copyright Act because "the allegations of breach are based on nothing more than the act of infringement." *Higher Gear Group*, 223 F. Supp. 2d at 958 (citing *Nat'l Car Rental Sys.*, 991 F.2d at 432-33).

For this reason, the Court concludes that this Court has jurisdiction over Precision Drone's claims and the action was properly removed; therefore, Precision Drone's Motion to Remand is **DENIED**.

IT IS SO ORDERED this 23d day of June, 2015.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Craig Eldon Pinkus
BOSE MCKINNEY & EVANS, LLP
cpinkus@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com

John Stephen Terry
CAMPBELL KYLE PROFFITT LLP
jterry@ckplaw.com

Russell B. Cate
CAMPBELL KYLE PROFFITT LLP
rcate@ckplaw.com

William Edwin Wendling, Jr.
CAMPBELL KYLE PROFFITT LLP
wwendling@ckplaw.com